1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADOBE SYSTEMS INCORPORATED, a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>JILL TEMPLE, an Individual, AHMAD HAIKAL, an Individual, and DOES 1-10, Inclusive,<br><br>Defendants. | Case No.: 2:14-cv-06329-CBM-JPR<br><br>**[PROPOSED] PERMANENT INJUNCTION AGAINST DEFENDANTS JILL TEMPLE AND AHMAD HAIKAL & DISMISSAL OF ENTIRE ACTION WITH PREJUDICE**<br><br>**Honorable Consuelo B. Marshall**<br><br>JS-6 |



The Court, pursuant to the Stipulation for Entry of Permanent Injunction & Dismissal ("Stipulation"), between Plaintiff ADOBE SYSTEMS INCORPORATED ("Plaintiff"), on the one hand, and Defendants JILL TEMPLE and AHMAD HAIKAL (collectively "Defendants"), on the other hand, hereby ORDERS, ADJUDICATES and DECREES that a permanent injunction shall be and hereby is entered against Defendants as follows:

1.   **<u>PERMANENT INJUNCTION.</u>**   Defendants and any person or entity acting in concert with, or at their direction, including any and all agents, servants, employees, partners, assignees, distributors, suppliers, resellers and any others over which they may exercise control, are hereby restrained and enjoined, pursuant to 15 United States Code ("U.S.C.") §1116(a) and 17 U.S.C. §502, from engaging in, directly or indirectly, or authorizing or assisting any third party to engage in, any of the following activities in the United States and throughout the world:

a.   importing, exporting, marketing, selling, offering for sale, distributing or dealing in any product or service that uses, or otherwise making any use of, any of Plaintiff's ADOBE®, ACROBAT® and/or CREATIVE SUITE® trademarks and copyrights ("Plaintiff's Trademarks and Copyrights"), and/or any intellectual property that is confusingly or substantially similar to, or that constitutes a colorable imitation of, any of Plaintiff's Trademarks and Copyrights, whether such use is as, on, in or in connection with any trademark, service mark, trade name, logo, design, Internet use, website, domain name, metatags, advertising, promotions, solicitations, commercial exploitation, television, web-based or any other program, or any product or service, or otherwise;

b.   copying or downloading, other than for personal use of a validly licensed and registered software, of any software containing Plaintiff's Trademarks and Copyrights, including but not limited to ADOBE®, ACROBAT®

1  and CREATIVE SUITE® marks and works, and/or any intellectual property that

2  is confusingly or substantially similar to, or that constitutes a colorable imitation

3  of, any of Plaintiff's Trademarks and Copyrights;

4         c.    performing or allowing others employed by or representing

5  them, or under their control, to perform any act or thing which is likely to injure

6  Plaintiff, any of Plaintiff's Trademarks and Copyrights, including but not limited

7  to ADOBE®, ACROBAT® and/or CREATIVE SUITE® marks and works,

8  and/or Plaintiff's business reputation or goodwill, including making disparaging,

9  negative, or critical comments regarding Plaintiff or its products;

10         d.    engaging in any acts of federal and/or state trademark

11  infringement, false designation of origin, unfair competition, dilution, federal

12  copyright infringement, or other act which would tend damage or injure Plaintiff;

13  and/or

14         e.    using any Internet domain name or website that includes any of

15  Plaintiff's Trademarks and Copyrights, including but not limited to the ADOBE®,

16  ACROBAT® and CREATIVE SUITE® marks and works.

17      2.    Defendants are ordered to deliver immediately for destruction all

18  unauthorized products, including counterfeit ADOBE® software products and

19  related products, labels, signs, prints, packages, wrappers, receptacles and

20  advertisements relating thereto in her possession or under her control bearing any

21  of Plaintiff's intellectual property or any simulation, reproduction, counterfeit,

22  copy or colorable imitations thereof, to the extent that any of these items are in

23  Defendants' possession.

24      3.    This Permanent Injunction shall be deemed to have been served upon

25  Defendants at the time of its execution by the Court, and the case shall be

26  dismissed in its entirety upon entry of this Permanent Injunction.

27      4.    The Court finds there is no just reason for delay in entering this

28  Permanent Injunction, and, pursuant to Rule 54(a) of the *Federal Rules of Civil*

1  *Procedure*, the Court directs immediate entry of this Permanent Injunction against
2  Defendants.

3      5.     Defendants will be making agreed upon payments to Plaintiff, as
4  more particularly described in a separate Confidential Settlement Agreement.

5      6.     **NO APPEALS AND CONTINUING JURISDICTION.**    No
6  appeals shall be taken from this Permanent Injunction, and the parties waive all
7  rights to appeal.  This Court expressly retains jurisdiction over this matter to
8  enforce any violation of the terms of this Permanent Injunction.

9      7.     **NO FEES AND COSTS.**  Each party shall bear their own attorneys'
10  fees and costs incurred in this matter.

11      8.     **DISMISSAL.** The Court hereby dismisses this action in its entirety
12  upon entry of this Permanent Injunction against Defendants.

13      IT IS SO ORDERED, ADJUDICATED and DECREED this __3rd__ day of
14  _____June_____, 2016.

15

16  _____
17  HONORABLE CONSUELO B. MARSHALL
    United States District Judge
18  Central District of California

19

20

21

22

23

24

25

26

27

28